UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-600-BO
NO. 5:07-CR-20-BO

EDWARD MILLER BRANTLEY )
)
)
v. ) O R D E R
)
)
UNITED STATES OF AMERICA )

This matter is before the Court on the Government's Motion to Dismiss [DE 36] Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 31 & 34] and Petitioner's Supplemental Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE 54 & 55].

## BACKGROUND

Petitioner, Mr. Brantley, pleaded guilty pursuant to a plea agreement on February 12, 2007, to a one count criminal information charging Petitioner with distribution of a quantity of cocaine base in violation of 21 U.S.C. § 841(a)(1). On June 5, 2007, Mr. Brantley was sentenced to a term of 108 months' imprisonment. Mr. Brantley did not file a direct appeal. Mr. Brantley filed a motion under § 2241 on August 2, 2010. Mr. Brantley's § 2241 petition was subsequently converted to a § 2255 petition, and, as such motion was filed on improper forms, the Court directed Mr. Brantley on June 13, 2011, to complete the correct forms and return them within fourteen days. Mr. Brantley filed the instant motion on June 27, 2011. Because Mr. Brantley's motion raised a claim under *Simmons*, the Court, pursuant to its standing order, subsequently appointed counsel for Mr. Brantley. Mr. Brantley then filed his supplemental motion pursuant to

28 U.S.C. § 2255.

Mr. Brantley claims in both his original and supplemental § 2255 motions that in light of *Carachuri-Rosendo v. Holder* and *United States v. Simmons* he is no longer a career offender and that he should be re-sentenced accordingly. The government contends that the right announced in *Carachuri-Rosendo v. Holder* is not retroactive on collateral review and that, alternatively, Mr. Brantley's claim is not cognizable in a § 2255 petition.

## DISCUSSION

A one-year statute of limitations applies to § 2255 petitions, as set out in 28 U.S.C. § 2255(f). That provision provides that a petitioner may file his section 2255 petition within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C.§ 2255(f)(3).

### I. *Carachuri-Rosendo v. Holder* Is Retroactively Applicable On Collateral Review

In *Carachuri-Rosendo v. Holder*, the United States Supreme Court created a new rule that is retroactively applicable on collateral review. A rule is new if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989)(internal citation omitted). When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 494 (1990). These substantive rules are applied retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does

2

not make criminal or faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352 (internal citation and quotation marks omitted).

In *Carachuri*, the Court created a new substantive rule that held that the term "aggravated felony" in the INA no longer included state offenses that, though they could have been enhanced by a federal recidivist provision had they been federally charged, were not, in fact, so charged or enhanced. *Carachuri-Rosendo*, 130 S. Ct. at 2589. Therefore, going forward, a district court can only consider a penalty enhanced by a recidivism statute "when the [recidivist] finding is a part of the record of conviction." *Id.* at 2587 n.12. If that finding is not a part of the record of conviction, *Carachuri* holds that an individual has "not been convicted of a felony punishable under the Controlled Substances Act," and he remains eligible for cancellation of removal or waiver of inadmissibility under 8 U.S.C. § 1229b(a). *Id.* at 2589-90. In other words, the Court narrowed the scope of the INA by interpreting the term "aggravated felony" in 8 U.S.C. § 1229b(a) to decriminalize certain individuals who would otherwise have been aggravated felons under the INA–it altered the "the class of persons that the law punishes." *See Schriro*, 542 U.S. at 353; *United States v. Halstead*, 634 F.3d 270, 274 (4th Cir. 2011).

Because this Court holds that *Carachuri* is retroactively applicable to cases on collateral review, Mr. Brantley was statutorily entitled to file his petition within one year after the Supreme Court decided *Carachuri*–by June 14, 2011. Petitioner filed his first motion on August 2, 2010 – well within one year of the Supreme Court's decision in *Carachuri*. After confirmation from Mr. Brantley that he consented to the conversion of his § 2241 petition to a petition under § 2255, the Court entered an order on June 7, 2011, directing that Mr. Brantley's petition be filed as a § 2255 petition. Accordingly, because the Clerk was directed to file Mr. Brantley's petition as a § 2255

3

within one year from the date of *Carachuri*, Mr. Brantley's petition was timely filed under 28 U.S.C. § 2255(f)(3).

**II. Petitioner's Claim is Cognizable under 28 U.S.C. § 2255**

A petitioner may challenge his conviction or sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Generally, a challenge to one's status as a career offender would not be cognizable under § 2255 as such a challenge should have been raised on direct appeal. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999). Indeed, with few exceptions, "claims not raised on direct appeal may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, procedural default does not apply in cases where the petitioner is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

This case closely parallels the facts of *United States v. Williams*, 396 F. App'x 951 (4th Cir. 2010) (per curiam), in which the petitioner appealed the district court's denial of relief on his § 2255 petition. Mr. Williams was convicted in 2005 of unlawful possession of a firearm and ammunition by a felon, and sentenced as an armed career criminal. After the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), Mr. Williams filed a § 2255 petition, alleging that his South Carolina conviction was no longer a violent felony in light of *Begay*. The district court denied relief, relying on a post-*Begay* Fourth Circuit decision that was subsequently overturned by the Fourth Circuit in *United States v. Rivers*, 595 F.3d 558 (2010). The Fourth Circuit held that "while the district court's decision was correct under the law of this circuit when

it was issued, the change in the law renders [the defendant] actually innocent of being an armed career criminal." The Fourth Circuit vacated the district court's order denying relief pursuant to § 2255 and remanded the case to the district court for resentencing in light of its recent decision in *Rivers*.

Similarly, Mr. Brantley's sentence was correct under *Harp*, but the change in the law of this circuit effectuated by the en banc decision in *Simmons* renders him actually innocent of being a career offender. The career offender enhancement under U.S.S.G. § 4B1.1 applies when a defendant has two or more prior convictions of either a "controlled substance offense" or "crime of violence," each of which was "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a). Because three of his predicate convictions were not a conviction punishable by imprisonment for a term exceeding one year, Mr. Brantley appears to have only qualifying one predicate conviction and is therefore no longer a career offender. Procedural default does not bar Mr. Brantley from raising the issue of his career offender status on collateral review.

## IV. In Light of *United States v. Simmons*, Petitioner Is No Longer Career Offender

Mr. Brantley has five predicate convictions that may serve to qualify him as a career offender. The conviction listed at ¶ 11 of his presentence report was not scored, and thus is not counted in determining career offender status. *See* U.S.S.G. § 4A1.2(e). The conviction listed at ¶ 16 was a class I felony prior record level II, and the court made no written findings and imposed sentence within the presumptive range. The conviction listed at ¶ 17 was a class H felony prior record level III, and the court made no written findings and imposed sentence within

5

the presumptive range and pursuant to a plea agreement.[1] The conviction listed at ¶ 20 was a class H felony prior record level III, and the court made no written findings and imposed sentence within the presumptive range and pursuant to a plea agreement. Mr. Brantley does not contest that the conviction at ¶ 21 remains a felony after *Simmons*.

Mr. Brantley was not exposed to punishment exceeding one year imprisonment for the convictions listed at ¶¶ 16, 17, and 20. The conviction listed at ¶ 11 was not scored. Accordingly, after *Carachuri* and the Fourth Circuit's holding in *Simmons*, Mr. Brantley no longer has the requisite predicate felonies to be classified as a career offender.

## CONCLUSION

Accordingly, for the reasons discussed above, Respondent's Motion to Dismiss is DENIED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. Petitioner's sentence in this matter is VACATED and this matter will be SET FOR RESENTENCING by separate notice.

SO ORDERED this 16 day of May, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Brantley states that Wake County has destroyed the records related to his convictions listed at ¶¶ 17 and 20. The Court notes that it has referenced copies of the judgments related to these offenses maintained in U.S. Probation Office files.